STATE OF MAINE                                  SUPERIOR COURT
SOMERSET, SS.                                   CIVIL ACTION
                                                DOCKET NO.: CV-03-034
                                                J.U - SOM - 4/20/2004


MAINE INSURANCE GUARANTY
ASSOCIATION

          Plaintiff

     V.                                         D E C I S I O N

TERRY KELLY,
KYLE ELLIS, and
NORTHEAST INSURANCE COMPANY                     DONALD L. ...
                                                    LAW ...
          Defendants

                                                    MAY 25 2004


          Before this court is a declaratory judgment action in which Maine Insurance

Guaranty Association (MIGA) referred to hereafter has MIGA, seeks a determination that

it is not obligated to indemnify Terry Kelly for a judgment entered against him in favor of

Kyle Ellis.  Mr. Kelly's insurance, Reliance Insurance Company, became insolvent and

MIGA became obligated to satisfy the obligation of Reliance Insurance Company

pursuant to the Maine Insurance Guaranty Association Act, 24-A M.R.S.A. §4431 et. seq.

(2000 & supplement 2003).

          This case involves an interpretation of §4443 of the Act.  The issue is whether Mr.

Ellis is precluded from recovering from MIGA because he failed to "exhaust" his rights

under his uninsured motorists' coverage.

                                    FACTS

          The parties stipulated to the facts in a document signed by both counsel.  Ellis

was injured in a motor vehicle accident as a result of negligence of Kelly.  Kelly's carrier,

Reliance Insurance Company, became insolvent, and therefore, Ellis made a claim under

his uninsured motorists' coverage with Northeast Insurance Company.  Ellis settled his

claim with his uninsured motorists' carrier by accepting $5,000.  The policy limit of the

uninsured motorist provision was $50,000.  Following this settlement, Ellis is now

claiming that he is entitled to recover from MIGA for an amount beyond the $5,000. Ellis did in fact obtain a judgment against Kelly in a separate tort action for $35,000. This fact doesn't make any difference, because the initial question is whether Ellis can look to MIGA after obtaining $5,000 out of a possible $50,000 policy pursuant to his uninsured coverage with Northeast.

## DISCUSSION

§4443 (1) of the Maine Insurance Guaranty Association Act states the following:

"Any person having a claim against an insurer under any provision in an insurance policy, other than that of an insolvent insurer, which is also a covered claim, shall be required to exhaust first the persons' rights under the policy. Any amount otherwise payable on a covered claim under the subchapter shall be reduced by the amount of any recovery under the insurance policy."

The first sentence of the section stated above sets out a requirement that the person "exhaust first the person's right under the policy." The second sentence requires a setoff of any money obtained in a prior claim. The present case deals with the first sentence relative to the issue of exhaustion.

This court follows the majority rule, which holds that in the event of a settlement for less than the limits of the solvent policy, the claimant has failed to exhaust his rights. Some of the language in the plaintiff's brief indicates that the Guaranty's liability should be reduced by the total amount of the solvent carrier's policy limit not the amount of the recovery. In effect this may be the case, but to couch it in terms of a setoff gets us into the second sentence of the section dealing with setoffs rather than the first sentence dealing with the issue of exhaustion. Where a party obtains less than the full amount available under a solvent policy, then the party has failed to exhaust his rights. The numerous cases cited by the plaintiff in his memorandum set out the rationale for this rule.

The defendant asks this court to follow the cases that enunciate a "good faith" rule whereby a showing of a settlement less than the policy limit of the solvent company, if done in good faith, will not constitute an exhaustion of the litigant's rights. This good faith requirement addresses the concerns of collusion between the parties regarding any settlement prior to a claim being made against a guaranty association. However, this good faith requirement does not prevent a litigant from getting two "bites at the apple." If a litigant proceeds with a trial against the solvent carrier and obtains less than the

2

policy limits, then if we apply the defendant's requested interpretation of the statute, it gives the litigant a second opportunity to litigate the matter and obtain an additional award of money.

This court also finds that the case of Ventulett v Maine Insurance Guaranty Authority, 583 2d 1022 ( Me 1990) is inapplicable to the facts of this case. The Ventulett case dealt with a workers compensation settlement and not a tort settlement. A settlement of a workers compensation case does not exhaust a person's rights because a litigant is always able to recover additional sums in a subsequent tort action. A workers compensation settlement does not preclude a litigant from recovering in a subsequent tort action intangible damages such as pain and suffering, emotional distress, loss of enjoyment of life, etc...

This court concludes that the Maine Insurance Guaranty Association Act sets up MIGA as a last resort. This court follows the majority rule pertaining to the meaning of the term "exhaustion".

For reasons stated above, this court determines that MIGA has no obligation to Kyle Ellis or the other defendants for any injuries sustained in the accident occurring on 8/12/03.

DATED: April 20, 2004

Joseph M. Jabar
Justice, Maine Superior Court

3